UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Lawrence Wade, et al.,** | ) | **CASE NO. 1:09 CV 262** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **William E. Stewart, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's Motion to Remand (Doc. 8). This case arises out of injuries sustained as a result of lead paint exposure. For the reasons that follow, the motion is GRANTED.

**FACTS**

In 2003, plaintiffs, Lawrence and Cindy Wade filed this lawsuit against defendant, William E. Stewart, in state court. The complaint alleges that Cindy Wade suffered serious injuries as a result of exposure to lead paint that occurred at an apartment plaintiffs rented from Stewart. On January 5, 2009, plaintiffs filed an amended complaint adding the Cleveland

1

Metropolitan Housing Authority ("CMHA") as a defendant to this action on the grounds that the apartment was "Section 8" housing and CMHA bore some responsibility to maintain a safe premises. The amended complaint contains seven claims for relief. Counts two and seven allege negligence per se and count six alleges negligence. The remaining claims are not relevant for purposes of this motion. Plaintiffs allege that defendants were negligent and negligent per se for failing to properly inspect the property and comply with all applicable statutes. Plaintiffs allege that defendants had statutory duties under 42 U.S.C. §§ 4811, 4821, 4822 and various provisions of the Code of Federal Regulations. According to the complaint, defendants' breach of these statutory duties gives rise to their state law claims for negligence and negligence per se. CMHA filed a notice of removal on the grounds that this Court has jurisdiction over this matter under the substantial-federal question doctrine. Plaintiff moves to remand this action. Defendant CMHA opposes the motion.

**STANDARD OF REVIEW**

"Generally, a civil case brought in state court may be removed by a defendant to federal court only if it could have been brought there originally." *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993) (citing 28 U.S.C. § 1441(a)). A defendant desiring to remove a case has the burden of establishing federal jurisdiction. *See Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). A district court must "look to the complaint as it existed at the time the petition for removal was filed to determine the matter of federal jurisdiction raised by the defendant's notice of removal." *Alexander,* 13 F.3d at 949.

**ANALYSIS**

Plaintiff argues that the Supreme Court's holding in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) precludes federal jurisdiction over this matter. In response, defendant argues that plaintiff should never have brought this action if no federal claim exists. Defendant also argues that plaintiff is alleging that various duties arise under federal, not state, law. In passing, defendant also notes that post-removal events cannot deprive this Court of jurisdiction.

Upon review, the Court finds that jurisdiction over this matter is lacking. In *Merrell Dow*, the Supreme Court addressed nearly the identical issue presented in this matter. There, the plaintiffs alleged that the misbranding of drugs in violation of the Food, Drug, and Cosmetic Act ("FDCA") created a rebuttable presumption of negligence and was the proximate cause of the injuries. The FDCA contained no private right of action. In holding that federal question jurisdiction did not lie, the Court held,

> Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system.... We simply conclude that the congressional determination that there should be no federal remedy for the violation of [a particular federal statute] is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.

*Id*. at 814

The facts of this case are nearly indistinguishable from *Merrell Dow*. Like the FDCA, the statutory provisions at issue here contain no private right of action.[1] *Johnson v. City of*

---

[1] Defendant correctly argues in its motion to dismiss that none of the provisions relied on by plaintiff to support their state law claims

3

*Detroit*, 446 F.3d 614 (6th Cir. 2006). Because *Merrell Dow* clearly mandates that state tort claims based on violations of federal statutes containing no private right of action may not be removed, federal jurisdiction does not lie.

Defendant relies on *Grable v. & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) for its position that jurisdiction lies over this case. In *Grable*, the Supreme Court addressed an exception to the rule announced in *Merrell Dow*. *Grable* involved a state law claim to quiet title. The issue in the case centered on whether the Internal Revenue Service gave proper notice of its intent to seize property. Although the IRS was not a named defendant, the Court concluded that a substantial federal question existed because the case hinged on the propriety of a federal agency's procedure.

Defendant argues that this case is analogous to *Grable* because the defendant is a governmental agency. The Court disagrees for the simple reason that defendant is a state, not a federal, agency. Although defendant correctly points out that HUD, a federal agency, is involved in administering funding for housing, no federal interest is at stake in this litigation. This lawsuit does not involve any funding issues. The only arguably federal interest is the violation of the federal statutes alleged as support for the negligence and negligence per se claims. This, however, is the argument expressly rejected in *Merrell Dow*. In all, defendant fails to identify a substantial federal interest at stake and, accordingly, this Court lacks jurisdiction over this matter.[2]

---

contain a private right of action.

[2] The Court further rejects defendant's argument that jurisdiction must exist because the Sixth Circuit addressed whether a private cause of action exists under the statutory provisions at issue in this

4

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Remand is GRANTED.

IT IS SO ORDERED.

    /s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date:   4/09/09

---

case. It appears that defendant is arguing that, because the Sixth Circuit *heard* the case, jurisdiction must exist. Defendant's argument is rejected. In *Johnson v. City of Detroit*, 446 F.3d 614 (6th Cir. 2006), the Sixth Circuit concluded that no private right of action exists under the relevant statutes. In *Johnson*, however, the plaintiffs purported to assert direct claims under these statutes. Thus, federal question jurisdiction was not in dispute.

5